## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:22-cv-00474-JRG-RSP |
| | § | |
| AT&T INC.; AT&T SERVICES INC.; AT&T | § | |
| MOBILITY LLC; AND AT&T CORP. | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

## <u>AT&T'S ANSWER</u>

Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "AT&T" or "Defendants")[1] file this Answer and Defenses to the Complaint for Patent Infringement ("Complaint") filed by Cobblestone Wireless, LLC ("Cobblestone" or "Plaintiff") (Dkt. 1). Except as hereinafter specifically admitted, qualified, or affirmatively alleged, AT&T denies each and every allegation, matter, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

## <u>PLAINTIFF COBBLESTONE AND THE PATENTS-IN-SUIT</u>[2]

---

[1] AT&T Inc. was also a named defendant in this case. AT&T Inc. and Plaintiff have, however, filed a joint stipulation pursuant to Fed. R. Civ. P. 41(a) dismissing AT&T Inc. As used herein, the terms "AT&T" and "Defendants" do not include AT&T Inc. For the sake of clarity, AT&T Inc. denies that it has engaged in any acts of infringement.

[2] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, AT&T denies those allegations.

1.      AT&T is without knowledge or information sufficient to admit or deny the allegations of paragraph 1 and therefore denies them.

2.      AT&T admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication Systems" and indicates on its face that it issued on November 18, 2014. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 2 and therefore denies them.

3.      AT&T admits that Exhibit 2 to the Complaint purports to be U.S. Patent No. 9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks" and indicates on its face that it issued on July 28, 2015. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 3 and therefore denies them.

4.      AT&T admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 4 and therefore denies them.

5.      AT&T admits that Exhibit 4 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage by Cycling Through Beam Shape Coverage Configurations" and indicates on its face that it issued on October 8, 2013. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 5 and therefore denies them.

6.      Plaintiff has moved to dismiss AT&T Inc. from this lawsuit. AT&T admits that AT&T Inc. is organized under the laws of the State of Delaware, with its principal place of business at 208 South Akard Street, Dallas, Texas 75202-4206.

7.     AT&T admits that AT&T Services, Inc. is organized and existing under the laws of the State of Delaware with its principal place of business is at 208 South Akard Street, Dallas, Texas 75202. AT&T does not dispute that AT&T Services, Inc. may be served for the limited purpose of this action only through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.     AT&T admits that AT&T Mobility LLC is organized and existing under the laws of the State of Delaware, with its principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319. AT&T does not dispute that AT&T Mobility LLC may be served for the limited purpose of this action only through The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

9.     AT&T admits that AT&T Corp. is organized and existing under the laws of the State of New York with a principal place of business at One AT&T Way, Bedminster, New Jersey, 07921-0752. AT&T does not dispute that AT&T Corp. may be served for the limited purpose of this action only through CT Corporation System, located at 28 Liberty Street, New York, New York 10005.

## JURISDICTION AND VENUE

10.     AT&T admits that the Complaint purports to bring an action under Title 35 of the United States Code, but denies that AT&T has committed any act of infringement of the Patents-in-Suit. AT&T does not dispute that this Court has subject matter jurisdiction, but denies that Cobblestone is entitled to any relief. Except as expressly admitted, AT&T denies any remaining allegations of paragraph 10.

11.     AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this paragraph.

12.     AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this paragraph.

13.     AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this paragraph.

14.     AT&T admits that the cited link, https://www.att.com/maps/wireless-coverage.html, includes a purported wireless network coverage map including parts of the State of Texas. Except as expressly admitted, AT&T denies any remaining allegations of paragraph 14.

15.     AT&T admits that the cited link, https://investors.att.com/~/media/Files/A/ATT-IR-V2/financial-reports/quarterly-earnings/2022/1Q22/ATT_1Q22_8K.pdf, states that   "[a]t March 31, 2022, wireless subscribers totaled 196.6 million". Except as expressly admitted, denied.

16.     AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this paragraph.

17.     AT&T is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, AT&T denies this paragraph.

## COUNT 1 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '347 PATENT

18.     AT&T repeats its responses to paragraphs 1-17 as if fully stated herein.

19.     AT&T admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication Systems" and indicates on its face that it issued on November 18, 2014. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 19

and therefore denies them.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

## COUNT 2 - CLAIM FOR ALLEGED INFRINGEMENT OF THE '888 PATENT

26.    AT&T repeats its responses to paragraphs 1-25 as if fully incorporated herein.

27.    AT&T admits that Exhibit 2 to the Complaint purports to be U.S. Patent No. 9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks" and indicates on its face that it issued on July 28, 2015. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 27 and therefore denies them.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

## COUNT 3 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '361 PATENT

34.    AT&T repeats its responses to paragraphs 1-33 as if fully incorporated herein.

35.    AT&T admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. AT&T is without

knowledge or information sufficient to admit or deny the remaining allegations of paragraph 35 and therefore denies them.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

## COUNT 4 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '196 PATENT

42.    AT&T incorporates its responses to paragraphs 1-41 as if fully incorporated herein.

43.    AT&T admits that Exhibit 4 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage by Cycling Through Beam Shape Coverage Configurations" and indicates on its face that it issued on October 8, 2013. AT&T is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 43 and therefore denies them.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

## ANSWER TO THE JURY TRIAL DEMAND

49.    AT&T admits that the Complaint sets forth a demand for a jury trial.

## AT&T DENIES COBBLESTONE IS ENTITLED TO ITS PRAYER FOR RELIEF

AT&T denies the allegations contained in Cobblestone's Prayer for Relief and AT&T further denies that Cobblestone is entitled to any relief whatsoever, including any relief sought in paragraphs A through F of its Prayer for Relief. Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.

## JURY TRIAL DEMAND

AT&T respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AT&T'S DEFENSES

Upon information and belief, and subject to its responses above, AT&T alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that AT&T bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, AT&T undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. AT&T expressly reserves the right to amend or raise additional defenses pursuant to any docket control order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE
### (Non-Infringement of the '347 Patent)

AT&T does not infringe and has not infringed the '347 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '347 Patent.

## SECOND DEFENSE
### (Non-Infringement of the '888 Patent)

AT&T does not infringe and has not infringed the '888 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '888 Patent.

### THIRD DEFENSE
### (Non-Infringement of the '361 Patent)

AT&T does not infringe and has not infringed the '361 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '361 Patent.

### FOURTH DEFENSE
### (Non-Infringement of the '196 Patent)

AT&T does not infringe and has not infringed the '196 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '196 Patent.

### FIFTH DEFENSE
### (Invalidity of the '347 Patent)

The claims of the '347 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### SIXTH DEFENSE
### (Invalidity of the '888 Patent)

The claims of the '888 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### SEVENTH DEFENSE
### (Invalidity of the '361 Patent)

The claims of the '361 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### EIGHTH DEFENSE
### (Invalidity of the '196 Patent)

The claims of the '196 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### NINTH DEFENSE
### (Statutory Limit on Damages)

Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

### TENTH DEFENSE
### (No Willful Infringement)

Cobblestone is not entitled to enhanced or increased damages for willful infringement because AT&T has not engaged in any conduct that meets the applicable standard for willful infringement.

### ELEVENTH DEFENSE
### (No Exceptional Case)

Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against AT&T pursuant to 35 U.S.C. § 285.

### TWELFTH DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

### THIRTEENTH DEFENSE
### (Prosecution History Estoppel – '347 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '347 Patent.

## FOURTEENTH DEFENSE
### (Prosecution History Estoppel – '888 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '888 Patent.

## FIFTEENTH DEFENSE
### (Prosecution History Estoppel – '361 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '361 Patent.

## SIXTEENTH DEFENSE
### (Prosecution History Estoppel – '196 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '196 Patent.

## SEVENTEENTH DEFENSE
### (Statutory Limitation)

To the extent certain products accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's claims involving AT&T may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**EIGHTEENTH DEFENSE**
**(License, Implied License, Exhaustion)**

Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to AT&T by any entity or entities having express or implied licenses or covenant not to sue or assert the Patents-in-Suit and/or (ii) under the doctrine of patent exhaustion. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to AT&T. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by direct or implied licenses and/or covenants not to sue that pertain to Cobblestone or prior assignees affiliations with any defensive patent trust.

**NINETEENTH DEFENSE**
**(No Injunctive Relief)**

Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

**TWENTIETH DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**TWENTY FIRST DEFENSE**
**(Standing/Ownership)**

To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Cobblestone lacks standing to bring one or more claims in this lawsuit.

## AT&T MOBILITY'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, AT&T Mobility LLC ("AT&T Mobility") asserts the following Counterclaims against Plaintiff Cobblestone Wireless, LLC ("Cobblestone"):

## THE PARTIES

1.      AT&T Mobility LLC is a limited liability company organized and existing under the laws of the state of Delaware, with a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia, 30319.

2.      Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business located at 101 E. Park Boulevard, Suite 600, Plano, Texas 75074.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5.      This Court has personal jurisdiction over Cobblestone, as Cobblestone consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6.      Cobblestone has consented to venue in this Court by bringing this action against AT&T Mobility, and thus venue for AT&T Mobility's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

7.     Cobblestone has filed suit in this Court against AT&T Mobility for alleged infringement of one or more claims of the Patents-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.* between Cobblestone, on the one hand, and AT&T Mobility, on the other, concerning the alleged infringement by AT&T Mobility of the Patents-in-Suit.

8.     AT&T Mobility denies that it directly or indirectly infringes any valid and enforceable claim of the Patents-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patents-in-Suit.

## FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,891,347

9.     AT&T Mobility realleges Paragraphs 1-8 as though fully set forth herein.

10.     Cobblestone alleges that AT&T Mobility has infringed and continues to infringe at least claim 1 of the '347 Patent under 35 U.S.C. § 271(a).

11.     AT&T Mobility denies that it infringes any valid claim of the '347 Patent.

12.     AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '347 Patent, including but not limited to claim 1, at least because AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service that perform, for example: (i) "[a] method for wireless communication in a system including a transmitter, a receiver, and a plurality of propagation paths formed between the transmitter and the receiver which are capable of carrying a signal transmitted by the transmitter to the receiver, the method comprising:"; (ii) "transmitting a first signal from the transmitter to the receiver via a first propagation path of the plurality of propagation paths"; (iii) "receiving the first signal at the receiver"; (iv) "performing a channel estimation based on the first signal to obtain path parameter information of the first propagation path"; (v) "sending the

-13-

channel estimation that includes the path parameter information from the receiver to the transmitter via the first propagation path"; (vi) "predistorting a second signal at the transmitter in a time domain, a frequency domain, and a spatial domain, according to the channel estimation based on the first signal"; (vii) "transmitting the predistorted second signal from the transmitter to the receiver via the first propagation path"; and (viii) "receiving the predistorted second signal at the receiver."

13.     For these, and other reasons to be established through discovery, AT&T Mobility denies that it infringes any valid claim of the '347 Patent.

14.     There is an actual and justiciable controversy between Cobblestone and AT&T Mobility arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that AT&T Mobility infringes the '347 Patent.

15.     AT&T Mobility is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '347 Patent.

16.     Absent a declaration that AT&T Mobility does not infringe the '347 Patent, Cobblestone will continue to wrongfully assert the '347 Patent against AT&T Mobility and thereby cause AT&T Mobility irreparable harm and injury.

## SECOND COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,094,888

17.     AT&T Mobility realleges Paragraphs 1-16 as though fully set forth herein.

18.     Cobblestone alleges that AT&T Mobility has infringed and continues to infringe at least claim 9 of the '888 Patent under 35 U.S.C. § 271(a).

19.     AT&T Mobility denies that it infringes any valid claim of the '888 Patent.

20.     AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '888 Patent, including but not

limited to claim 9, at least because AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: (i) "[a] method implemented at a first wireless network for a mobile wireless device handoff between a second wireless network and the first wireless network, the method comprising:"; (ii) "receiving a handoff request from the second wireless network, the handoff request based, at least in part, on a determination by the second wireless network that the wireless device is not currently covered by the first wireless network but is capable of being covered by the first wireless network"; (iii) "based, at least in part, on the handoff request, adapting one or more beams of an antenna array to facilitate coverage of the wireless device by the first wireless network"; and (iv) "transmitting a confirmation from the first wireless network to the second wireless network to indicate acceptance of the handoff request, wherein the wireless device is handed off from the second wireless network to the first wireless network."

21.     For these, and other reasons to be established through discovery, AT&T Mobility denies that it infringes any valid claim of the '888 Patent.

22.     There is an actual and justiciable controversy between Cobblestone and AT&T Mobility arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that AT&T Mobility infringes the '888 Patent.

23.     AT&T Mobility is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '888 Patent.

24.     Absent a declaration that AT&T Mobility does not infringe the '888 Patent, Cobblestone will continue to wrongfully assert the '888 Patent against AT&T Mobility and thereby cause AT&T Mobility irreparable harm and injury.

**THIRD COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S.
PATENT NO. 10,368,361**

25.    AT&T Mobility realleges Paragraphs 1-24 as though fully set forth herein.

26.    Cobblestone alleges that AT&T Mobility has infringed and continues to infringe at least claim 10 of the '361 Patent under 35 U.S.C. § 271(a).

27.    AT&T Mobility denies that it infringes any valid claim of the '361 Patent.

28.    AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '361 Patent, including but not limited to claim 10, at least because AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service including for example: (i) "[a] wireless base station for a wireless communication network, the wireless base station comprising:"; (ii) "a quality status module configured to determine a respective quality status of a first frequency spectrum resource and a second frequency spectrum resource, wherein each of the first frequency spectrum resource and the second frequency spectrum resource are associated with an air interface that is available for use by the wireless base station for an uplink channel or a downlink channel"; (iii) "a processor coupled to the quality status module and configured to"; (iv) "determine, based on the quality status of the first frequency spectrum resource, that the first frequency spectrum resource is a sub-optimal resource, for the uplink channel and the downlink channel, relative to other frequency spectrum resources that are available for use by the wireless base station"; (v) " and in response to the determination that the first frequency spectrum resource is the sub-optimal resource, assign the first frequency spectrum resource to a shared resource pool"; (vi) "and a scheduler module coupled to the processor and configured to: schedule the second frequency spectrum resource for the uplink channel or the downlink channel based on an initial directional allocation of frequency spectrum resources for the wireless base station"; (vii) "determine an updated directional allocation of frequency spectrum resources for the wireless base station after the second frequency spectrum

resource is scheduled for the uplink channel or the downlink channel"; and (viii) "schedule the first frequency spectrum resource based on the updated directional allocation of frequency spectrum resources for the wireless base station."

29.     For these, and other reasons to be established through discovery, AT&T Mobility denies that it infringes any valid claim of the '361 Patent.

30.     There is an actual and justiciable controversy between Cobblestone and AT&T Mobility arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that AT&T Mobility infringes the '361 Patent.

31.     AT&T Mobility is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '361 Patent.

32.     Absent a declaration that AT&T Mobility does not infringe the '361 Patent, Cobblestone will continue to wrongfully assert the '361 Patent against AT&T Mobility and thereby cause AT&T Mobility irreparable harm and injury.

## **FOURTH COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,554,196**

33.     AT&T Mobility realleges Paragraphs 1-32 as though fully set forth herein.

34.     Cobblestone alleges that AT&T Mobility has infringed and continues to infringe at least claim 23 of the '196 Patent under 35 U.S.C. § 271(a).

35.     AT&T Mobility denies that it infringes any valid claim of the '196 Patent.

36.     AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '196 Patent, including but not limited to claim 23, at least because AT&T Mobility does not make, use, sell, or offer to sell any product, system, platform, or service that practices, for example: (i) "[a] method for a device to receive data updates comprising: cycling over time through an update sequence that includes:";

(ii) "deferring, during coverage by a first network, data updates for a device"; (iii) "transmitting a data update request in response to coverage by a second network, wherein the second network is a more capable network than the first network"; and (iv) "receiving, during the second coverage configuration, a data update."

37.     For these, and other reasons to be established through discovery, AT&T Mobility denies that it infringes any valid claim of the '196 Patent.

38.     There is an actual and justiciable controversy between Cobblestone and AT&T Mobility arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that AT&T Mobility infringes the '196 Patent.

39.     AT&T Mobility is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '196 Patent.

40.     Absent a declaration that AT&T Mobility does not infringe the '196 Patent, Cobblestone will continue to wrongfully assert the '196 Patent against AT&T Mobility and thereby cause AT&T Mobility irreparable harm and injury.

## RESERVATIONS

AT&T Mobility reserves the right to supplement and/or amend its defenses and/or counterclaims as discovery proceeds in this case.

## REQUEST FOR RELIEF

Defendants respectfully requests that this Court enter judgment as follows:

a.  A judgment dismissing Cobblestone's Complaint against Defendants with prejudice;

b.  A judgment in favor of Defendants on all of its Defenses;

c.  A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

d.  A judgment in favor of AT&T Mobility on its Counterclaims;

e.  A judgment that Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patents-in-Suit;

f.  A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Defendants are entitled to recover their reasonable attorney's fees upon prevailing in this action;

g.  An award to Defendants of their fees and expenses of litigation, including but not limited to attorney's fees and costs;

h.  A judgment limiting or barring Cobblestone's ability to enforce the Patents-in-Suit in equity;

i.  Such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demands a trial by jury on all issues so triable in this action.

DATED:  February 23, 2023

Respectfully submitted,

Alston & Bird LLP

BY: */s/ David S. Frist* _____
   Theodore Stevenson (TX Bar No. 19196650)
    ted.stevenson@alston.com
   ALSTON& BIRD LLP
   2200 Ross Avenue, Suite 2300
   Dallas, TX 75201
   Phone: (214) 922-3400
   Fax: (214) 922-3899

   Ross Barton (NC Bar No. 37179)
    ross.barton@alston.com
   ALSTON & BIRD LLP
   101 South Tryon Street
   Suite 4000
   Charlotte, NC 28280-4000
   Telephone: (704) 444-1000
   Facsimile: (704) 444-1111

   John D. Haynes (GA Bar No. 340599)
   David S. Frist (GA Bar No. 205611)
   Emily Welch (GA Bar No. 606071)
   Michael C. Deane (GA Bar No. 497195)
   Sloane S. Kyrazis (GA Bar No. 878240)
    john.haynes@alston.com
    david.frist@alston.com
    emily.welch@alston.com
    michael.deane@alston.com
    sloane.kyrazis@alston.com
   One Atlantic Center
   1201 West Peachtree Street
   Atlanta, GA 30309-3424
   Telephone: (404)-881-7000
   Facsimile: (404) 881-7777

   ***Attorneys for Defendants AT&T Inc., AT&T
Services, Inc., AT&T Mobility LLC, and
AT&T Corp.***

-20-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 23rd day of February, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ *David S. Frist*
David S. Frist (GA Bar No. 205611)
 david.frist@alston.com
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404)-881-7000
Facsimile: (404) 881-7777

*Counsel for Defendants AT&T Inc., AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.*

-21-